UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 23-21211-jrs |
| SLEEP GALLERIA, LLC, ) | |
| ) | CHAPTER 11 |
| Debtor ) | |
| ) | (Subchapter V) |

**MOTION FOR ORDER (1) APPROVING SALE FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (2) APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) GRANTING RELATED RELIEF**

COMES NOW Sleep Galleria, LLC, debtor and debtor in possession in the above-styled chapter 11 case ("Debtor"), by and through the undersigned counsel, and hereby files this Motion (the "Motion") pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure, seeking one or more orders (1) approving the sale of Debtor's assets free and clear of liens, claims, and encumbrances, (2) approving the assumption and assignment of certain executory contracts and unexpired leases in connection with such procedures, and (3) granting related relief. In support thereof, Debtor shows as follows:

1. On October 27, 2023 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, the "Bankruptcy Code"). In accordance with Sections 1107 and 1108 of the Bankruptcy Code, Debtor continues to operate its business as debtor in possession. Debtor has elected to proceed under Subchapter V of the Bankruptcy Code. No creditors' committee has been appointed in this case. .

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested herein are §§ 105(a), 363, and 365 of the Bankruptcy Code.

## Background

4. Debtor is a retail seller of mattresses, recliners, and sleep related items that sells from three brick and mortar locations and through the internet.

5. Debtor operates three "brick and mortar" retail locations at (i) 3384 Cobb Parkway, Suite 170, Acworth, GA 30101 (the "Acworth Location"), (ii) 1311 Johnson Ferry Road, Suite 416, Marietta, GA 30068 (the "East Cobb Location"), and (iii) 11720 Medlock Bridge Road, Suite 510, Duluth, GA 30097 (the "John's Creek Location").

6. Debtor's lease of the Acworth Location expired prepetition and Debtor continued to occupy the Acworth Location on a month to month basis as it continued negotiating a commercial lease with the owner of the Acworth Location, WRI Lakeside Marketplace, LLC c/o KIMCO Realty Group ("KIMCO").

7. Debtor occupies the East Cobb Location under a lease dated December 4, 2021, between Debtor, as Lessee, and Merchant's Walk (E&A), LLC, c/o Edens Limited Partnership, as Lessor (the East Cobb Lease").

8. Debtor occupies the John's Creek Location under a lease dated October 28, 2019, between Debtor, as Lessee, and KRG Duluth John's Creek, LLC, as successor to RPAI Duluth John's Creek SPE, LLC, as Lessor (the "John's Creek Lease").

2

9. Debtor filed its *Chapter 11 Plan of Reorganization Submitted by Sleep Galleria, LLC, Debtor and Debtor in Possession* (Doc. No. 63) on January 25, 2024 and its *First Amended and Restated Chapter 11 Plan of Reorganization Submitted by Sleep Galleria, LLC, Debtor and Debtor in Possession* on January 31, 2024 (the "Plan")(Doc. No. 68).

10. On January 30, 2024, Debtor filed its *Debtor's Motion Requesting Entry of Order Establishing Certain Deadlines Pursuant to Rule 3017.2* (Doc. No. 65).

11. On February 5, 2024, the Court entered its *Order and Notice of Assignment of Hearing on Confirmation of Plan* (Doc. No. 71). setting (i) March 15, 2024 as the deadline for filing and serving ballots and objections to confirmation of the Plan (the "Voting and Objection Deadline"), and (ii) March 26, 2024, as the date for hearing on confirmation of the Plan (the "Confirmation Hearing").

12. Prior to the Voting and Objection Deadline, Debtor determined that it could not proceed with confirmation. Debtor further determined that a sale of its assets or business as a going concern was in the best interest of creditors and the estate.

13. Debtor employed GGG Partners, LLC ("GGG"), as its financial and sale consultant., and the Court entered an Order approving the employment of GGG on March 18, 2024. Debtor has ceased internet sales, reduced staff, and taken steps to reduce administrative expenses.

14. Debtor anticipates a formal written offer for the acquisition of the inventory and assets at the Acworth Location, the East Cobb Location, and the John's Creek Location (the "Location Sale"), which will include the assumption and assignment of the East Cobb Lease and John's Creek Lease. Debtor anticipates having an offer for the Location Sale by April 19, 2024.

3

Debtor further anticipates selling intellectual property and a 2019 Chevrolet Express (the "Chevrolet Express") by separate sale(s).

### Relief Requested

15. By this Motion, Debtor seeks entry of one or more orders (a) approving the Location Sale and the sale of the intellectual property and Chevrolet Express free and clear of liens, claims, and encumbrances; (b) approving the assumption and assignment of executory contracts and unexpired leases identified by the purchaser(s) as part of the Location Sale, including the East Cobb Lease and John's Creek Lease (the "Contracts and Leases"); (c) scheduling a hearing no later than April 30, 2024, for approval of the Location Sale (the "Sale Hearing").

### Basis for Relief

16. Section 363 of the Bankruptcy Code authorizes a debtor in possession "after notice and a hearing . . . to use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105 of the Bankruptcy Code grants to the Court the authority to "issue any order, process or judgment necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

17. As authorized pursuant to § 363(f) of the Bankruptcy Code, Debtor requests that the Court authorize the Location Sale and any sale of the intellectual property and Chevrolet Express free and clear of liens, claims, and encumbrances (including, but not limited to, (i) all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, rights of first refusal, or charges of any kind or nature, if any, (ii) all debts arising in any way in connection with any agreements, acts, or

4

failures to act, of Debtor, claims (as that term is defined in the Bankruptcy Code), obligations, liabilities, demands, guarantees, options, rights, contractual or other commitments, restrictions, interests, and matters of any kind and nature, whether known or unknown, contingent or otherwise, and whether imposed by agreement, understanding, law, equity or otherwise, including but not limited to claims otherwise arising under doctrines of successor liability), and shows that such sale is authorized with regard to any holder of a claim secured in the assets to be sold, because (i) the entities asserting liens on or security interests in the property consent to its sale, or (ii) the entities asserting liens on or security interests in the Asset to be sold could be compelled in a legal or equitable proceeding to accept a money satisfaction of their interests.

18.  A sale of all or substantially all of a debtor's assets should be authorized if the debtor demonstrates that (i) a sound business purpose exists for doing so; (ii) adequate and reasonable notice of the proposed sale has been given; (iii) the sale is proposed in good faith; and (iv) the proposed purchase price is fair, reasonable, and adequate. *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2nd Cir. 1983); *Big Shanty Land Corp. v. Comer Properties, Inc.,* 61 B.R. 272 (N. D. Ga. 1985).

19.  Debtor's management, exercising its business judgment, after a thorough review of Debtor's current financial condition, reasonable financial outlook, current liquidity position, and in consultation with GGG, has decided to proceed as promptly as possible to consummate the Location Sale. In particular, Debtor has ceased internet sales, and will furlough most of its work force to conserve cash until a sale can be consummated.

20. With respect to the Chevrolet Express, Debtor request authority to pay Ally Bank the amount of its claim secured by the Chevrolet Express at a closing, with the remaining proceeds to be held by Debtor's counsel pending further order.

### Assumption and Assignment

21. Because assumption and assignment of the Contracts and Leases is an integral part of the sale, Debtor requests that this Court authorize and approve, pursuant to Section 365 of the Bankruptcy Code, their assumption by Debtor and assignment to the proposed purchaser. The standard in determining whether an executory contract or unexpired lease should be assumed is the debtor's "business judgment" that assumption is in its economic best interest. *In re Gardenier,* 831 F.2d 974, 975 (11th Cir. 1987), *cert. denied*, 488 U.S. 853 (1988).

22. In order to assume or assign the Contracts and Leases in which a default has occurred, Debtor must (i) cure or provide adequate assurance that it will cure such defaults, (ii) compensate or provide adequate assurance that it will compensate the other parties to the Contracts and Leases for any actual pecuniary loss resulting from the default, and (iii) provide adequate assurance of future performance under the Contracts and Leases. 11 U.S.C. § 365(b)(1); *see, e.g.*, *In re By-graph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D. N.Y. 1986).

23. The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case. Among other things, adequate assurance may be provided by demonstrating that the debtor or the debtor's assignee has the financial resources and the willingness to devote sufficient time and funding to establish a strong likelihood that the debtor or the debtor's assignee will be able to comply with the terms of the lease or contract. *In re By-graph, Inc.,* 56 B.R. 596, 605-06 (Bankr. S.D. N.Y. 1986). Adequate assurance of future

performance may also be established on a case by case basis by proving that the other party or parties to the lease or contract get the "benefit of the bargain" for which they contracted. *Abney v. Fulton County (In re Fulton Air Service, Inc.)*, 34 B.R. 568, 573 (Bankr. N.D. Ga. 1983).

24. Debtor proposes to demonstrate its compliance with these requirements by showing that the purchaser has the financial ability to satisfy any and all obligations that would be incurred in connection with the Contracts and Leases. Debtor will produce evidence at the Sale Hearing to show such financial ability to perform under the Contracts and Leases. Thus, the Sale Hearing will provide the Court and other interested parties the opportunity to evaluate the ability to provide adequate assurance of future performance under the Contracts and Leases.

### A Finding that the Sale is in Good Faith

25. Debtor further seeks the protections afforded to a purchaser with regard to sale transactions under § 363(m) of the Bankruptcy Code, which provides that the reversal or modification on appeal of an authorization of a sale or lease of property does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased the property in good faith.

26. Although the Bankruptcy Code does not define good faith, courts have recognized that the kind of misconduct that would destroy a good faith status involves fraud, collusion between the purchaser and other offerors, or an attempt to take grossly unfair advantage of other offerors. *In re Abbott Dairies of Pa., Inc*., 788 F.2d 143, 147 (3rd Cir. 1986).

27. Debtor submits that the proposed method of conducting the sale is reasonable and appropriate and designed to ensure fairness to the process. Unless specifically disputed at the Sale Hearing, Debtor requests that the sale and any purchaser should be entitled to the

protections of § 363(m) of the Bankruptcy Code. If good faith is disputed, Debtor requests that such dispute be determined at the Sale Hearing.

## Other Requested Relief

28. Debtor also requests that the Court allow the sale to be consummated immediately as authorized by Bankruptcy Rule 6004(g).

29. Debtor further requests that the proceeds of the sale be held in trust by Debtor's counsel pending further order of the Court, with all liens, claims, and encumbrances attaching to the proceeds in the same priority and to the extent that such liens, claims, and encumbrances are valid, enforceable, and perfected on the Petition Date.

WHEREFORE, Debtor prays the Court enter one or more orders (i) approving the Location Sale and sale of the intellectual property and Chevrolet Express (ii) approving the assumption and assignment of the Contracts and Leases; (ii) ordering that the sale be free and clear of all liens, claims, interests and encumbrances, with such liens, claims, and encumbrances attaching to the proceeds of the sale in the order and priority that existed as of the Petition Date; (iv) granting other related relief, and (v) granting such other relief as is just and proper.

Dated: April 11, 2024

                                                                               LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
Attorneys for Debtor

By:  /s/ G. Frank Nason, IV
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373

**Certificate of Service**

This is to certify that the undersigned has filed the foregoing *Motion for Order (1) Approving Sale Free and Clear of Liens, Claims, and Encumbrances, (2) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (3) Granting Related Relief* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

This 11th day of April, 2024

/s/ *G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160

6000 Lake Forrest Drive, N.W.
Suite 435
Atlanta, GA  30328
(404) 262-7373