# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 23-21211-jrs |
| SLEEP GALLERIA, LLC, ) | |
| ) | CHAPTER 11 |
| Debtor ) | |
| ) | (Subchapter V) |

## MOTION FOR ORDER SHORTENING NOTICE AND EXPEDITING HEARING ON MOTION TO SALE

COMES NOW Sleep Galleria, LLC, debtor and debtor in possession in the above-styled chapter 11 case ("Debtor"), by and through the undersigned counsel, and hereby files this *Motion for Order Shortening Notice and Expediting Hearing on Motion to Approve Sale* (the "Expedited Hearing Motion"), showing as follows:

### Background

1. Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 27, 2023.

2. Debtor filed on April 11. 2024 its *Motion for Order (1) Approving Sale Free and Clear of Liens, Claims, and Encumbrances, (2) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (3) Granting Related Relief* (the "Motion").

### Relief Requested

3. By this Expedited Hearing Motion, Debtor requests entry of an order pursuant to Section 105(a) of the Bankruptcy Code and Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure shortening applicable notice periods and scheduling a hearing on the Motion on an expedited basis.

**Basis for Relief**

4. Section 105 of the Bankruptcy Code allows the Court to enter any necessary or appropriate order and provides, in part, as follows: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

5. Section 105 of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court. *See Croton River Club, Inc. v. Half Moon Bay Homeowners' Assoc., Inc., (In re Croton River Club)*, 52 F.3d 41, 45 (2nd Cir. 1995).

6. Debtor's current cash position has required Debtor to cease internet sales and reduce its work force. Debtor intends to furlough additional employees. A prompt sale of the assets is necessary to avoid continuing administrative expense liabilities and continuing losses due to reduced sales. To require Debtor to comply with otherwise applicable notice requirements set forth in the Federal Rules and Bankruptcy Procedure would cause harm to Debtor and impair Debtor's ability to manage its affairs pending a sale.

7. Accordingly, Debtor respectfully requests that this Court enter an order shortening applicable notice periods and scheduling a hearing on April 30, 2024, to consider the Motion.

WHEREFORE Debtor prays that the Court shorten applicable notice periods and consider approval of the relief sought in the Motions on April 30, 2024.

Dated: April 11, 2024

                                                             LAMBERTH, CIFELLI,
                                                             ELLIS & NASON, P.A.
                                                             *Counsel for Debtor*

6000 Lake Forrest Drive, N.W.                By:    /s/ *G. Frank Nason, IV*
Suite 435                                                      G. Frank Nason, IV
Atlanta, GA 30328                               Georgia Bar No. 535160
(404) 262-7373                                     fnason@lcenlaw.com

## Certificate of Service

This is to certify that I have on this day electronically filed the foregoing *Motion for Order Shortening Notice and Expediting Hearing on Motion to Approve Sale* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

Dated: April 11, 2024

By: */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

6000 Lake Forrest Drive, N.W.
Suite 435
Atlanta, GA  30328
(404) 262-7373